Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendant RocketReach LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, and PETER ANDREYEV, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKETREACH LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,* <br><br> Defendants. | (Electronically Filed) <br><br><br> CIVIL ACTION <br><br> Civil Action No. _____ <br><br> State Docket No. BER-L-000873-24 |

**D.N.J. LOCAL RULE 10.1 STATEMENT**

1. The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, and Peter Andreyev.

2. The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

3. The remaining plaintiff addresses are unknown to RocketReach LLC ("RocketReach"), which is filing this Notice of Removal.

4. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, 1 Boland Dr., Suite 101, West Orange, NJ 07052; and John A. Yanchunis, Esq., 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

5. Defendant RocketReach is represented by Angelo A. Stio III and Melissa A. Chuderewicz of Troutman Pepper Hamilton Sanders, LLP, Suite 400, 301 Carnegie Center, Princeton, New Jersey 08540.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant RocketReach LLC ("RocketReach"), by and through its undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and pursuant to 28 U.S.C. § 1441, hereby removes this action from the Superior Court of New Jersey, Bergen County, Law Division to the United States District Court for the District of New Jersey. RocketReach's grounds for removal are as follows:

1. On or about February 8, 2024, Plaintiffs Edwin Maldonado, Peter Andreyev, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a complaint ("Complaint") against RocketReach in the Superior Court of New Jersey, Law Division, Bergen County (the "Superior Court").

2. RocketReach was served with copies of the Summons and the Complaint on March 11, 2024. Pursuant to 28 U.S.C. § 1446(a), the (1) Summons, (2) Complaint, (3) Case Information Statement, (4) Track Assignment Notice, (5) Document Preservation Letter, (6) First Request for the Production of Documents, and (7) First Set of Interrogatories constitute all

pleadings, process, and orders, served upon RocketReach in this Action. Copies of those documents are attached as **Exhibit A**.

3. In Count One of the Complaint, Plaintiffs asserts a claim against RocketReach for violations of Daniel's Law (N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1), based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. (Ex. A, Complaint at ¶¶ 52–58).

4. In the WHEREFORE clause following Count One, Plaintiffs allege they are each entitled to recover from RocketReach actual damages equal to no less than liquidated damages of $1,000 per violation; punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief. (Ex. A, Complaint at ¶ 22).

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of RocketReach's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, this Notice of Removal is timely filed.

6. As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and RocketReach and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.     DIVERSITY JURISDICTION

7. Under 28 U.S.C. § 1332, a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**A.      Diversity of Citizenship**

8.      For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state where it is incorporated, and (2) the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

9.      Plaintiff Atlas is a Delaware corporation, with its principal place of business at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. (Ex. A, Complaint at ¶ 19). Atlas is therefore a citizen of the States of New Jersey and Delaware for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

10.     For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption that "that a person's current residence is also his domicile," and "voter registration and voting practices," "place of employment or business" "as well as several other aspects of human life and activity." *Id.*

11.     Plaintiff Jane Doe-1 alleges in the Complaint that she is a "police officer working in Northern New Jersey." (Ex. A, Complaint at ¶ 15). As an active law enforcement officer, Plaintiff Jane Doe-1's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, Jane Doe-1 is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

12. Plaintiff Jane Doe-2 alleges that she is "a veteran correctional police officer who lives in Northern New Jersey." (Ex. A, Complaint at ¶ 16). Accordingly, Jane Doe-2 is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

13. Plaintiff Edwin Maldonado ("Maldonado") alleges he was a patrol officer for the City of Plainfield, and later a detective with Plainfield's major crimes unit. (Ex. A, Complaint at ¶ 17). Plaintiff Maldonado's publicly available LinkedIn page states that he currently works as a detective for the Union County Prosecutor's Office. A true and correct copy of a screenshot of Plaintiff Maldonado's publicly available LinkedIn page, is attached to the Declaration of Angelo A. Stio III ("Stio Declaration") as Exhibit 1. Accordingly, Maldonado is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1). *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.

14. Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department. (Ex. A, Complaint at ¶ 18). Plaintiff Andreyev's publicly available LinkedIn page states that he currently works as a police officer for the Point Pleasant Beach Police Department. A true and correct copy of a screenshot of Plaintiff Andreyev's publicly available LinkedIn page, is attached to the Declaration of Angelo A. Stio III ("Stio Declaration") as Exhibit 2. Andreyev is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1). *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8.

15. A limited liability company's citizenship for diversity purposes is determined by the citizenship of its members. *See Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). RocketReach's members are Andrew Tso, a citizen of Florida, Amit Shanbhag, a citizen of Washington, Brighton Park and Phillip Hadley, citizens of Connecticut, and Daversa

Partners, Inc., a Florida corporation with a principal place of business in Connecticut. For purposes of diversity, therefore, RocketReach is a citizen of Florida, Washington, and Connecticut.

16. Defendants Richard Roes, 1–10, are identified in the Complaint as "fictious names of unknown individuals," and as such, their citizenship may be disregarded for the purposes of removal under binding Third Circuit precedent. 28 U.S.C. § 1441(a); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.").

17. Defendants ABC Corporations, 1–10, are identified in the Complaint as "fictitious names of unknown entities," and as such, their citizenship may be disregarded for the purposes of removal. *See Abels*, 770 F.2d at 37.

18. Because the citizenship of each Plaintiff is diverse from RocketReach, complete diversity of citizenship exists between the parties in this Action.

**B.     Amount in Controversy**

19. In paragraph 20 of the Complaint, Plaintiff Atlas alleges that it asserts claims against RocketReach on behalf of 18,913 individuals who were "covered persons" ("Covered Persons") and assigned their claims to Atlas for alleged violations of Daniel's Law. (Ex. A, Complaint at ¶ 20).

20. In addition to Atlas, four Individual Plaintiffs assert claims against RocketReach for alleged violations of Daniel's Law, bringing the total number of claims against RocketReach to 18,917. (Ex. A, Complaint at ¶ 56).

21. In Paragraph 58, Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" (Ex. A, Complaint at ¶ 58(B));

N.J.S.A. 56:8-166.1(c)(1). Assuming each Covered Person or Individual Plaintiff asserts just one violation, the amount in controversy would exceed $18,917,000.

22.     While Plaintiffs' Complaint does not expressly seek a specific monetary judgment amount against RocketReach, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. The amount in controversy meets jurisdictional requirements as evidenced by the express language in paragraphs 20 and 58 of the Complaint wherein Plaintiffs assert that all Covered Persons and Individual Plaintiffs (18,917 individuals) have suffered individual violations under Daniel's Law and such violations are subject to actual damage awards of "$1,000 for each violation" (Ex. A, Complaint at ¶ 58(B)); N.J.S.A. 56:8-166.1(c)(1). Plaintiffs' prayer for relief requests not only at least $18,917,000 in actual damages, but also requests for punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief.

## II.     ALL OTHER GROUNDS FOR REMOVAL ARE SATISFIED

23.     Plaintiffs' Complaint is properly removable to this Court pursuant to 28 U.S.C. § 1441.

24.     This case is a civil action within the meaning of 28 U.S.C. § 1441.

25.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The District of New Jersey embraces the Superior Court of New Jersey, Law Division, Bergen County, the forum in which the removed action was pending.

26.     In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, RocketReach will give written notice of this Notice of Removal to Plaintiffs. RocketReach also

is providing Notice of this removal to the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

### III. PRESERVATION OF RIGHTS AND DEFENSES

27. By removing this action from the Superior Court of New Jersey, Law Division, Bergen County, RocketReach does not waive any defenses available to it.

28. By removing this action from the Superior Court of New Jersey, Law Division, Bergen County, RocketReach does not admit any allegation in the Complaint.

29. RocketReach reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant RocketReach respectfully removes this action to the United States District Court for the District of New Jersey.

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
angelo.stio@troutman.com
melissa.chuderwicz@troutman.com

-and-

Ronald I. Raether, Jr. (*pro hac vice* to be submitted)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
5 Park Plaza
Suite 1400

Irvine, CA 92614
Telephone: (949)622-2700
Ron.Raether@troutman.com

*Attorneys for Defendant RocketReach LLC*

## **LOCAL CIVIL RULE 11.2 STATEMENT**

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant RocketReach LLC, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: April 8, 2024

*s/ Angelo A. Stio III*
Angelo A. Stio III
**TROUTMAN PEPPER
HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
angelo.stio@troutman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2024, the foregoing was filed electronically. The parties may access this filing through the Court's system. A copy was also served via U.S. mail and email on the following counsel:

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@ pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Mark Mao (*pro hac vice* to be filed)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
mmao@bsfllp.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

/s/ *Angelo A. Stio III*
Angelo A. Stio III